SKINNER et al. v. DOW CHEMICAL CO.

No. 724.

United States District Court
E. D. Michigan, N. D.

Sept. 22, 1950.

806

William H. Parmelee, Pittsburgh, Pa., for plaintiffs.

Clarence B. Zewadski, Detroit, Mich., William M. Yates, Midland, Mich., for defendant.

PICARD, District Judge.

After the opinion filed in the above matter, 90 F.Supp. 877, defendant was granted leave to take additional testimony before judgment in reference to the prior art Hanson patents which are referred to in said opinion and concerning which there had been extensive testimony.

Defendant stated it had constructed a die according to specifications of the Hanson British patent and through experiment therewith was prepared to show that the Hanson die could produce tubings by extrusion and completely disprove plaintiffs' prior evidence that the Hanson construction would not operate successfully.

Although this should have been part of defendant's main case, we did not adhere strictly to the rules. We took the testimony, have read supporting briefs, and are more convinced than we were before that we arrived at the right conclusion in our original opinion; at least so far as the Hanson patents are concerned.

The experimental die made by defendant was not according to the dimensions set forth in the patent drawings as filed, even less than the dummy Hanson die plaintiffs experimented with some time ago and which was introduced at the original trial. Plaintiffs had to reproportion the die and then use features that were invented by and disclosed for the first time in the Skinner patent.

It has never been claimed that you cannot take the Hanson or any other patent cited in the prior art and produce a piece of tubing. But there is no evidence that this Hanson patent, even reconstructed, can be made commercially successful.

In the original Hanson die, according to the drawings, the mandrel is not supported directly against the female die; the spider is not integral or immovably fixed, and the mixing chamber is not formed in the end of the spider or porthole die; so that in order to make the Hanson die commercially successful, or even as submitted to this court on the rehearing, those features of the Skinner die had to be incorporated.

Schwerak was not successful. Admittedly so. Neither was any of the prior art dies.

As was stated in Consolidated Safety Valve Co. v. Crosby Steam-Gage & Valve Co., 113 U.S. 157, at page 179, 5 S.Ct. 513, at page 525, 28 L.Ed. 939: "Richardson's invention brought to success what prior inventors had essayed and partly accomplished. He used some things which had been used before, but he added just that which was necessary to make the whole a practically valuable and economical apparatus * * * When the ideas necessary to success are made known, and a structure, embodying those ideas, is given to the world, it is easy for the skillful mechanic to vary the form by mechanism which is equivalent, and is, therefore, in a case of this kind, an infringement."

The court is not interested in the size of the corporations that suddenly found themselves using the Skinner die or equivalent thereof as intimated by defendant, except the fact that both The Dow Chemical Company and Alcoa have extensive research departments. It is the efficiency of the research departments in which we were interested and to this moment we have had no answer to our question that if this was an old idea, why didn't either Dow or Alcoa use it before? The Hanson patents are over a hundred years old. Why did they wait until Skinner had constructed a die that the undisputed evidence shows Alcoa tried to buy when it learned that Skinner's die could produce, by one operation, a better type of tubing than had heretofore been obtainable, superior in quality and at less expense?

The opinion stands.